19-3332-cv
Sanchez v. Oceanside First Class Roofing, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of August, two thousand twenty.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                      *Circuit Judges*.

_____

JOSE SANCHEZ, ANTONIO MEJIA PALACIO,

              *Plaintiffs-Appellees*,

         v.                                              19-3332-cv

OCEANSIDE FIRST CLASS ROOFING, INC., ETHAN SAGE,
AKA JESUS MANUEL TORRES CANDELARIA,
AKA JESUS TORRES, FIRST CLASS HOME IMPROVEMENT, LLC,
FIRST CLASS ROOFING, INC.,

              *Defendants-Appellants*.

_____

Appearing for Appellant:     Lee R. Pearlman, Centereach, N.Y.

Appearing for Appellee:      Justin M. Reilly, Neil H. Greenberg & Associates, P.C. (Keith E. Williams, *on the brief*), Massapequa, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **REVERSED** in part.

Defendants Oceanside First Class Roofing, Inc., Ethan Sage, First Class Home Improvement, LLC, and First Class Roofing, Inc. (collectively, "Oceanside") appeal from the September 23, 2019 memorandum and order of the United States District Court for the Eastern District of New York (Hurley, *J.*) awarding Jose Sanchez and Antonio Mejia Palacio ("Plaintiffs") $40,940.25 in attorneys' fees. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiffs sued Oceanside to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; New York Labor Law ("NYLL") Articles 6 and 19; and the New York Codes, Rules, and Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. They also asserted claims pursuant to Sections 195(1) and 195(3) of the NYLL alleging that the defendants had failed to furnish them with wage notices and wage statements.

At the conclusion of a three-day bench trial, the district court found for Oceanside on Plaintiffs' overtime claims, in large part because the district court found their testimony regarding their work schedule not credible. *See Sanchez v. First Class Home Improvement, LLC*, No. 16-cv-2064, 2018 WL 4100490, at *4 (E.D.N.Y. Aug. 28, 2018). As Oceanside admitted it failed to provide Plaintiffs with the required wage notices, the district court found for Plaintiffs on that claim and awarded Sanchez $5,000 and Palacio $2,500—the statutory maximum. *Id.* at 10, 13.

Plaintiffs then sought attorneys' fees in the amount of $108,500 and costs of $6,340.86. The magistrate judge's report and recommendation recommended denying the motion with leave to renew, noting that Plaintiffs enjoyed very limited success on their claims. Thus, the magistrate judge recommended leave to renew for fees limited to work done in connection with the successful wage notice claim.

Plaintiffs objected to the R&R. The district court determined that a fee award was required by New York law and that the overtime and wage-notice claims were inextricably intertwined, such that fees could be awarded for all of the attorneys' work (despite Plaintiffs' marked lack of success on the bulk of their claims). The district court ultimately reduced the fee award by thirty-five percent as a penalty for Plaintiffs' lack of credible testimony and awarded fees of $40,940.25.

Oceanside argues that the district court erred in finding any award of attorneys' fees appropriate. We disagree. In awarding fees, the district court relied on New York Labor Law § 198(1-a), which provides in relevant part that "[i]n any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorneys' fees." A fee award was thus appropriate here.

However, we agree with Oceanside's argument that the district court should not have awarded fees related to Plaintiffs' claim for overtime wages, especially given that the district court found those claims "concocted." *See Sanchez v. First Class Home Improvement, LLC*, No. 16-cv-2064, 2019 WL 4593484, at *7 (E.D.N.Y. Sept. 23, 2019).

While a court may award attorneys' fees for both unsuccessful and successful claims where the claims are intertwined, here there is little common ground between the claims. Claims are intertwined when they are based on a "common core of facts," "related legal theories," or "require essentially the same proof." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 194 n.6 (2d Cir. 2000) (internal quotation marks and citations omitted). The district court found the claims intertwined because both the overtime claims and the notice claims required Plaintiffs to prove they were employees. *Sanchez*, 2019 WL 4593484, at *5. Here, the overtime claims required proof as to what hours Plaintiffs worked, while the notice claims required only a showing that notice was not given (which Oceanside admitted it failed to do). Moreover, the award of fees for failed claims based on false testimony is inappropriate. The district court's calculation of hours allowed and hourly rates yielded an initial award amount of $62,985. *Id.* at *7. We reduce that by half to reflect Plaintiffs' lack of success, yielding an award of $31,492.50. We then apply the district court's 35 percent reduction for false testimony, resulting in a fee award of $20,470.13. Adding the costs of $6,340.86 brings the total to $26,810.99.

We have considered the remainder of Oceanside's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part and REVERSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk